LUCY C. HULBERT v. WILLIS C. ARNOLD.

Submitted March 21, 1912—Decided June 5, 1912.

1. In an action for slander, if express malice is shown, punitive damages may be awarded, depending upon the malicious character of defendant's conduct, the amount being left to the discretion of the jury, and a new trial will not be granted unless the verdict is so large that the excess is perverse, or the result of some gross error in a matter of principle.
2. Punitive damages are not awarded, in a slander suit upon the theory of compensation to the sufferer, but as a punishment of the offender, and a warning to others.

---

On rule to show cause.

Before Justices BERGEN, VOORHEES and KALISCH.

For the plaintiff, *Vreeland, King, Wilson & Lindabury.*

For the defendant, *Willard W. Cutler.*

The opinion of the court was delivered by

BERGEN, J. This issue was framed in the Supreme Court and sent to the Morris County Circuit for trial where the plaintiff had a verdict for $10,000, whereupon a rule to show cause why the verdict should not be set aside and a new trial granted was allowed, no exceptions being reserved, which the defendant now moves be made absolute.

This action was brought to recover damages for slanderous words spoken by the defendant defamatory of the plaintiff. The testimony introduced by the plaintiff shows that she is twenty-six years of age and was supporting herself by teaching, being at the time of the alleged slander engaged as teacher of the Washington Valley school, in Morris county, one of the public schools of this state, of which the defendant was one of the members of the board of education having the management thereof; that the defendant said the plaintiff was a whore, and repeatedly allowed two men to come to the school house, and had illicit intercourse with them, each in turn watching outside while the other was in the school house with the plaintiff; that as a consequence she became with child and her condition of pregnancy was plainly observable, of which she was relieved by an operation for abortion, performed by physicians at the Morristown hospital. These charges against the plaintiff were made by the defendant to several persons, and when one of them, a Mr. Mills, remonstrated with him about these statements, and said they were not true, he said he could prove them, and when he was advised to go to the hospital and ascertain the truth, he replied that women went there for that purpose, and it was always put in the papers that they had appendicitis. He also said her condition was such that it was disgusting to have her in the school; that she was so far in the family way that the children all talked about her, and that the neighbors talked about it. The substance of these charges is that a young woman engaged in teaching children dismissed them from school in order to submit herself to the embraces of two paramours in immediate succession, the one waiting and watching while the other gratified her lustful passions, a

prostitution of the most degrading character, and that she becoming pregnant submitted to an operation for abortion, charges which he persisted in reiterating, and asserting he could prove after he had been assured of their falsity, with knowledge of the names of reputable physicians in charge of the hospital from whom he might obtain the truth if he so desired.  The defendant was called as a witness and did not undertake to establish the truth of his statements, but on the contrary denied making them.  The evidence that he did so defame the plaintiff is so overwhelming as to lead to the conclusion that the defendant was purposely untruthful, and under such conditions now asks to have the verdict set aside as excessive.  That the words spoken by defendant of the plaintiff were mendacious, and his purpose malicious the evidence fully demonstrates.  His purpose, inferable from the testimony, was to so defame and destroy the character of this young woman as to prevent her retention as a school teacher where she was employed.  That the damages are punitive is manifest from the amount awarded in view of the testimony bearing upon the question of compensation or general damages, but in an action for slander, if express malice is shown, punitive damages may be awarded, depending upon the malicious character of defendant's conduct, the amount being left to the discretion of the jury, and a new trial will not be granted unless the verdict is so large that the excess is perverse, or the result of some gross error in a matter of principle.  *Ogd. Lib. & S.* 222, and cases there cited.

The charges made by the defendant in the present case were of the most vile, indecent and criminal character.  They assailed the most valued and cherished characteristic of chaste womanhood, an element so sensitive that once darkened by the tongue of slander, however untruthfully, legal exoneration can only partly restore it.  The slander proven in this case is of the most despicable character, tending to permanently injure the good name and fame of a chaste and virtuous young woman, and if a person should ever be admonished that he cannot wantonly defame the fair names of good citizens this is such a case.

Punitive damages in a slander suit are not awarded upon the theory of compensation to the sufferer, but as a punishment of the offender, and a warning to others. Under the circumstances, which appear in this record, we are not inclined to say that the verdict is so excessive as to indicate that it was the result of prejudice, bias, or gross error in a matter of principle, and we refuse to set the verdict aside for this reason.

The next point urged is that the trial court improperly admitted in evidence slanderous words spoken by the defendant of the plaintiff other than those set out in the declaration. The testimony, to which the plaintiff refers in his brief and to which our attention is specifically called, was not objected to, nor any exception taken, and as to any other testimony objected to, it is not pointed out either in the reasons or brief, but aside from this the defendant requested the court to charge the jury that there could be "no recovery unless the plaintiff had proved the words alleged in the declaration were spoken by the defendant even if they believe other slanderous words had been spoken by the defendant." The court charged as requested, so if other slanderous words were proven they would only go to show the malice of the defendant in using the words set out in the declaration, and not be considered as an element of damage. And for the purpose of showing the temper of defendant's mind towards plaintiff they were competent under the rule adopted in *Evening Journal Ass'n* v. *McDermott,* 15 *Vroom* 430.

The defendant also claims that it was error to exclude a question asked on the cross-examination of one of the witnesses called by the plaintiff. This witness had testified that defendant said to him that the condition of the plaintiff had become so noticeable that the neighbors had spoken of it, and she had gone to the hospital to have an operation performed. He had also testified during his direct examination to other conversations with the defendant regarding the conduct of the plaintiff, and on cross-examination it was shown that the witness and defendant were members of the school board, and then witness was asked: "And Mr. Arnold was

talking the matter over with you as a member of the board wasn't he?" This was objected to and excluded upon the ground that it asked for a conclusion and not a fact. There was no testimony showing that they were conversing as members of the board concerning their duties as such, and as the case then stood the answer could only give the conclusion of the witness as to defendant's purpose. The question was not competent, and therefore properly overruled.

This disposes of all the substantial reasons pressed in favor of the rule, against defendant's contention, and it will be discharged.